1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald LABRANCHE, a/k/a Ronald LaBranch, Defendant-Appellant
.
 No. 91-5592.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 29, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Susan Hayes, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald LaBranche appeals his conviction and sentence for conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. Secs. 841(a)(1), (b)(1)(A), 846 (West 1981 & Supp. 1993). Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that no non-frivolous grounds for appeal exist. LaBranche filed a supplemental brief, raising two allegations of error. We affirm.
 
 
 2
 LaBranche was indicted on drug charges, along with several coconspirators, in 1990. At his 1991 trial, several of his co-conspirators testified that LaBranche was a major player in the cocaine conspiracy. They contended that he not only drove for one of the kingpins, but that he also procured large quantities of crack, prepared it for distribution, and helped sell the crack on the streets. LaBranche was the only witness for the defense. He contended that the co-conspirators were lying and that he was never involved with the alleged conspiracy.
 
 
 3
 LaBranche contends that there was insufficient evidence of his involvement in the conspiracy to support the guilty verdict. The jury was entitled to credit the testimony of the other conspirators over that of LaBranche. Where a fact-finder observes a witness, credibility determinations are not ordinarily disturbed on appeal. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir. 1974). This Court reviews sufficiency of the evidence deferentially, inquiring whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Based on the jury's credibility determination, there was sufficient evidence to find that LaBranche was guilty of conspiring to possess with intent to distribute cocaine. LaBranche's allegation of error is without merit.
 
 
 4
 LaBranche also contends that the prosecution engaged in improper vouching when it argued in closing argument that the witnesses were credible. Because LaBranche did not object to the argument at trial, plain error analysis applies. See United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir. 1993). The prosecutor argued during closing that, had the witnesses desired to lie, they could have done a much better job-in effect, they could have told bigger lies. The prosecutor was merely arguing a reasonable inference from the evidence at trial. Such arguments are not improper, as the prosecutor did not express any personal belief as to the veracity of the statements. Id. at 1276, 1279; see also United States v. Eyster, 948 F.2d 1196, 1207 (11th Cir. 1991). Thus, LaBranche's second assignment of error is also without legal basis.
 
 
 5
 Finding no merit in the remaining assignments of error, and because we find no other error, we affirm the conviction and sentence. In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A (1988)), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED